EPHRAIM PONDER, plaintiff in error, *vs.* JAMES A. McGRUDER, defendant in error.

When an action was instituted for rent of land by the plaintiff, who rented the premises to the defendant, and it was proved, on the trial, that the plaintiff was trustee for his wife and children, (the trust deed not being in evidence) and that the rents and profits of the land belonged to the plaintiff:

*Held,* That the action was properly brought in the name of the plaintiff who rented the premises to the defendant, without declaring that he sued for rent as trustee.

The motion for a continuance of the case was properly overruled on the statement of facts contained in the record, to-wit: the absence of the party.

Continuance.    Evidence.    Rent.    Before Judge GIBSON. Richmond Superior Court.    May Term, 1870.

McGruder, in his own right, sued Ponder for rent, returnable to May Term, 1870, of said Court.   When the cause was called for trial, Ponder's counsel moved for a continuance, but on what ground does not appear.   It is said in the bill of exceptions that it was because Ponder was providentially kept away by sickness.   The Judge, however, certifies that it did not appear that Ponder was sick, and that "no sufficient cause for continuance was shown."   It does not appear why his presence was necessary, and by the affidavit hereinafter mentioned, it *seems* that his counsel did not know he was sick till after the trial.   The continuance was refused and the cause was tried at said term.   On the trial McGruder swore to the correctness of his account for rent, that he rented the property to Ponder and said nothing about holding it as trustee; that, in fact, the property was settled in trust upon his wife and children by deed, and is still held by him as trustee under said deed, but by the terms of the deed, the rents and profits of the property were his individually.   This was all the evidence.   The jury found for plaintiff.   Defendant moved for a new trial upon the ground that the verdict was contrary to law and evidence, because the Court erred in charging the jury that plaintiff could recover in his individual capacity, and because the defendant was detained from Court by sickness, had a good defense, and yet his motion for a continuance was overruled.

This last ground was supported by Ponder's affidavit, in which he stated that he was absent from Court " on account of sickness;" that he would have advised his attorney of the cause of his detention from Court, had he not been under the impression that it was the appearance term of said cause, and that the same would not come up for trial until the November Term of the Court;" "that he had a good and valid defense to said writ, and would have been present, with his witnesses to make out his defense, if he had not been deceived as to the term for the trial of said cause."   What his

defense was, does not appear, by plea or otherwise. The Court refused a new trial, and that is assigned as error.

JOHN J. JONES, for plaintiff in error.

S. A. CORKER, for defendant, cited Code, secs. 3186, 3192.

WARNER, J.

The motion for a continuance of the case was properly overruled, on the showing made therefor. The defendant rented the 'premises of the plaintiff, to whom the rents and profits thereof belonged, according to the evidence disclosed in the record, and the action was properly brought in his name to recover the rent due from the defendant, under his contract with the plaintiff, without describing himself as trustee.

Let the judgment of the Court below be affirmed.